## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR474 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| TRINA WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the memoranda prepared by the Clerk requesting guidance as to the Defendant's in forma pauperis status (Filing No. 54) and possible excusable neglect (Filing No. 56).  The Defendant, Trina Wells, has also filed a motion to appeal her sentence (Filing No. 52) and two notices of appeal (Filing Nos. 53, 55.)

### PROCEDURAL BACKGROUND

On July 13, 2005, Wells was sentenced pursuant to her Rule 11(c)(1)(C) plea agreement to 84 months imprisonment and a five-year term of supervised release. Judgment was filed on the same date.  Also on July 13, 2005, Wells filed a notice of right to appeal, which clearly stated the time limit for filing an appeal.  (Filing No. 44.)  On May 15, 2006, Wells filed a motion for court transcripts so that she would have them to "perfect post-conviction relief."  (Filing No. 49.)  The Court denied the motion, noting that Wells was not entitled to receive transcripts at the government's expense before a motion was filed pursuant to 28 U.S.C. § 2255.  (Filing No. 51.)  On June 12, 2006, the Defendant filed a motion to appeal her sentence (Filing No. 52) and a notice of appeal (Filing No. 53).  The notice of appeal referenced her "sentence" as the focus of her appeal.  (Filing No. 53.)  The second notice of appeal states that defense counsel failed to file a notice of appeal on

Wells' behalf.  (Filing No. 55.)

## DISCUSSION

***In Forma Pauperis***

Wells was permitted to proceed in district court as one financially unable to obtain adequate defense.  Therefore, Wells may proceed on appeal in forma pauperis without further authorization, unless this Court certifies that the appeal is not taken in good faith or finds that Wells is not otherwise entitled to proceed in forma pauperis.  Fed. R. App. P. 24(a)(3).  For the reason that Wells' notices of appeal are untimely, discussed more fully below, the Court certifies that the appeal is not taken in good faith and denies the Defendant leave to proceed in forma pauperis.  Fed. R. App. P. 24(a)(3).

***Excusable Neglect/Good Cause***

The Court need not decide the issues of "excusable neglect"or "good cause" because Wells filed her notice of appeal more than thirty days after the due date for her notice of appeal, i.e. ten days after the entry of judgment. Therefore, Wells' notices of appeal are untimely.  Fed. R. App. P. 4(b)(1).

## CONCLUSION

The Court concludes that Wells' notices of appeal are untimely.  The Clerk will be directed to mail to Wells the appropriate form for filing a motion pursuant to 28 U.S.C. § 2255.  However, Wells should be aware of time and jurisdictional limitations.  The Court is not advocating that Wells file a § 2255 motion.[1]

---

[1]In fact, even assuming only for the sake of argument that defense counsel did not file a notice of appeal at Wells' direction, the Court advises Wells that it is unlikely that she could prove the prejudice prong of the necessary inquiry under *Strickland v. Washington,* 466 U.S. 668 (1984).  In this case, the Defendant's plea agreement made

IT IS ORDERED:

1.      The Defendant's motion to appeal sentence (Filing No. 52) is denied;

2.      The Defendant may not proceed on appeal in forma pauperis;

3.      The Court declines to address the issues of "excusable neglect" and "good cause" because the issue of the timeliness of the notices of appeal did not arise within thirty days of the expiration of the time for filing an appeal; and

4.      The Clerk is directed to mail to the Defendant, Trina Wells, at her last known address, a copy of the appropriate form for filing a motion pursuant to 28 U.S.C. § 2255.

DATED this 20th day of June 2006.

                                        BY THE COURT:

                                        S/Laurie Smith Camp
                                        United States District Judge

_____

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) with respect to the drug quantity and base offense level was accepted, although the Presentence Investigation Report set out a higher quantity and base offense level 30.  The Defendant was sentenced at the low end of the sentencing guideline range.  The Defendant did not object to the PSR; the government objected based on the Rule 11(c)(1)(C) agreement. Based on the record, the Court sees no evidence of ineffective assistance of counsel. Defense counsel appeared to represent Wells zealously throughout the case.

3