IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR474** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **TRINA WELLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on initial review of the defendant Trina Wells's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 59), and defendant's Motion for Leave to Proceed In Forma Pauperis (Filing No. 60).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the Indictment charging her with knowingly and intentionally possessing with the intent to distribute at least 5 grams but less than 50 grams of a mixture or substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and Criminal Forfeiture in violation of 21 U.S.C. § 853

defendant was sentenced to 84 months in the custody of the Bureau of Prisons followed by five years supervised release.

In her § 2255 motion she raises four issues: (1) that she received ineffective assistance of counsel based on her counsel's failure to supply her with enough information to make an informed plea and counsel's failure to file a notice of appeal; (2) that her sentence was erroneously enhanced by two points for a misdemeanor offense that she committed; (3) that her sentence should have been reduced based on psychological testing that was never completed; and (4) that the federal courts did not have jurisdiction to prosecute her case due to the invalidity of Title 18 of the United States Code.

**Count One - Ineffective Assistance of Counsel**

The United States shall respond to the defendant's first claim by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

**Count Two  - Sentencing**

In defendant's second claim defendant argues that because she was under the influence of alcohol when she committed a misdemeanor offense used in computing her criminal history score, her sentence was unfair.  Collateral relief under § 2255 is available to a federal prisoner to challenge a conviction or sentence on grounds of jurisdictional, constitutional or fundamental defect such as would inherently result in a complete miscarriage of justice.  28 U.S.C. § 2255.

Defendant did not challenge the PSR criminal history calculation prior to or at sentencing, and even now defendant does not challenge the accuracy of the PSR's

calculation; rather, she objects to the valid use of the misdemeanor in calculating her criminal history score. Because it was not error for the court to use the misdemeanor in calculating the defendant's criminal history score, there is no basis to conclude that the use of the misdemeanor represented a fundamental defect such as would inherently result in a complete miscarriage of justice.

Furthermore, defendant's sentence was fair and in accordance with the sentencing guidelines. Therefore, on the face of the petition defendant's claim is without merit and her motion is summarily dismissed on this claim.

**Count Three**

Next, defendant argues that psychological testing should have been ordered to establish that her sentence could be reduced based on mitigating circumstances.

The United States shall respond to the defendant's claim by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether this claim is barred by procedural default, waiver, or untimeliness.

**Count Four - Jurisdiction**

Finally, defendant argues that this court did not have jurisdiction to prosecute her case due to the invalidity of Title 18 of the United States Code. Defendant's argument lacks merit as this case was properly brought before this court. Defendant was charged with knowingly and intentionally possessing with the intent to distribute at least 5 grams but less than 50 grams of a mixture or substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and Criminal Forfeiture in violation of 21 U.S.C. § 853. These are violations of federal statutes, which are properly prosecuted

in federal court. Therefore, on the face of the petition defendant's claim lacks merit and her motion is summarily dismissed on this claim.

IT IS ORDERED:

1. The Court has completed the initial review of the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 59);

2. Upon initial review, the Court finds that summary dismissal of the defendant's First and Third claims in the § 2255 motion is not required;

3. On or before August 25, 2006, the United States shall file an Answer to the defendant's First and Third claims in the § 2255 motion and support its Answer with a brief;

4. On or before September 25, 2006, the defendant may file a responsive brief addressing only the First and Third claims;

5. Upon initial review, the Court finds that summary dismissal of the Defendant's Second and Fourth claims in the § 2255 motion is required, and the Second and Fourth claims are summarily denied;

6. Defendant's motion to proceed In Forma Pauperis (Filing No. 60) is granted; and.

7. The Clerk is directed to mail a copy of the Memorandum and Order to the defendant at his last known address.

DATED this 26th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge