## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR474** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **v.** | ) | **AND ORDER** |
| | ) | |
| **TRINA WELLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255 motion) filed by the Defendant, Trina Wells (Filing No. 59).

### FACTUAL BACKGROUND

The government filed an answer to the first and third claims, together with a supporting brief and evidence in the form of an affidavit of Assistant Federal Public Defender Karen Shanahan.  (Filing Nos. 65, 66, and 67.)  The Court allowed Ms. Wells until March 14, 2007, to file an affidavit in response to Ms. Shanahan's affidavit.  (Filing No. 68.)  No affidavit was filed.  The Court then allowed Ms. Wells until May 18, 2007, to show cause as to why she did not comply with the Court's previous order and file an affidavit. (Filing No. 69.)  In response, on May 21, 2007, Ms. Wells filed a letter stating that she did not remember the February 14, 2007, "hearing" and requesting a copy of the February 14, 2007, order so that she could respond.  (Filing No. 70.)   The Court directed the Clerk to send Ms. Wells a copy of Ms. Shanahan's affidavit and issued an order explaining again that Ms. Wells had the opportunity to respond to Ms. Shanahan's affidavit on or before July 5, 2007.  As of this date, no response has been received.

## DISCUSSION

### FIRST CLAIM

Ms. Wells's first claim is that she received ineffective assistance of counsel because her attorney failed to: give her sufficient information to allow her to make an informed plea of guilty; and file a notice of appeal.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, the Defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). Moreover, the Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### *Advice Prior to Change of Plea*

At her change of plea hearing, Ms. Wells stated the following under oath: she discussed the nature of the charged crimes with Ms. Shanahan; she had no questions regarding the charges or what the government would have to prove to find her guilty; she was fully satisfied with the advice given by Ms. Shanahan; she had no questions regarding the statutory penalties she faced; she and Ms. Shanahan had discussed the sentencing guidelines and their application to her case; she understood the Court could impose a sentence different from what she expected and a sentence outside the guideline range; if

2

she received a sentence higher than expected she would have no right to withdraw her plea; she had read the plea agreement and discussed it with Ms. Shanahan; she voluntarily signed the plea agreement; no promises outside the plea agreement or threats were made to induce her plea; and she understood her constitutional rights and discussed them with Ms. Shanahan.  (Filing No. 63.)

Ms. Shanahan stated in her affidavit that she spoke with Ms. Wells numerous times prior to her plea hearing, discussing Ms. Wells's options.  Ms. Shanahan stated that she explained in particular the provision under Federal Rule of Criminal Procedure 11(c)(1)(C) relating to the drug quantity and base offense level, as well as the Defendant's constitutional rights.  (Filing No. 67-2.)

In summary, the record is uncontroverted that the Defendant was provided with very adequate advice prior to her plea of guilty.  The Defendant has failed to prove either prong of the *Strickland* test.  The claim is denied.

### *Appeal*

Initially, the Court notes that the plea agreement reflects that the Defendant waived her right to appeal.  (Filing No. 28.)  At the change of plea hearing on April 25, 2005, however, the matter was discussed and the parties agreed that the Defendant retained her right to appeal.  (Filing No. 63.)

At sentencing the Defendant was advised that she had essentially ten days to file any appeal.  (Filing No. 64, at 15.)  The Defendant had no questions for the Court regarding her right to appeal.  (*Id.*)  The Defendant signed a Notice of Right to Appeal in Criminal Cases that stated that generally an appeal must be filed within ten calendar days after sentencing.  (Filing No. 44.)  Judgment was entered on July 13, 2005, and the

3

Defendant filed her notice of appeal on June 12, 2006.  (Filing No. 53.)  Because the notice

of appeal was untimely, the Court denied the Defendant leave to proceed on appeal in

forma pauperis.  (Filing No. 58.)

In her affidavit, Ms. Shanahan stated:

> After the sentencing hearing and after Ms. Wells had been informed
> of her right to appeal, I spoke with Ms. Wells about the merits of such an
> appeal.  I instructed Ms. Wells to give some thought to the decision and to
> let me know as soon as possible if she wished to file an appeal.
>
> When a client requests, I file an appeal. . . .  Had Ms. Wells, at any
> time, requested I file an appeal in her case, I would have done so.  At no
> time did I receive a request from Ms. Wells to do so.  Had I received such
> request, I would have done so.

(Filing No. 67-2.)

The Court allowed the Defendant more than one opportunity to file an affidavit in

support of her position.  Nevertheless, the Defendant failed to do so.  Therefore, the record

includes no evidence Indicating that Ms. Wells asked Ms. Shanahan to file an appeal.

Therefore, Ms. Wells failed to meet either *Strickland* prong.  The claim is denied.

### THIRD CLAIM

Ms. Wells argues in her third claim that psychological testing should have been

ordered to establish that her sentence could have been reduced based on mitigating

circumstances.

At the change of plea hearing the Court inquired as to Ms. Wells's mental state.  Ms.

Wells stated that she had been treated for post-traumatic stress disorder and anxiety.

(Filing No. 63 ("Tr."), at 4.)  Ms. Wells said that the correctional center would not provide

her with her medications for her anxiety disorder, and she named the two medications that

she felt she should have been allowed to take.  (*Id.* at 3-6.)  Nevertheless, she stated that

4

at the time of the plea she felt "fine" and agreed that she was alert.  (*Id.* at 4, 6.)  Ms. Wells described her prior treatment for chemical dependency, stating that she had completed treatment successfully.  (*Id.* at 4-5.)   At the hearing Ms. Wells was coherent, and her answers were appropriate.

The Court imposed a sentence at the low end of her guideline range.  Ms. Wells did not file written objections to the PSR.  However, the objections raised verbally at sentencing were made known to the Bureau of Prisons at the Court's direction.  None of the objections, if granted, would have changed the guideline range.  (Filing No. 64 (Sentencing Transcript), at 7-8.)  At sentencing, during allocution defense counsel referred to Ms. Wells's difficult background, which is described in the PSR.  (*Id.* at 8-9.)  The Defendant declined to speak at sentencing.  (*Id.* at 12.)

A downward departure may be granted in exceptional circumstances when a defendant suffers from diminished capacity, defined as a "significantly reduced mental capacity" that contributed significantly to the offense.  U.S.S.G. § 5K2.13.  In order to succeed on a motion under § 5K2.13, a defendant must show that her diminished capacity impaired her ability to see that her behavior was wrong or her ability to control her behavior.  *United States v. McCart,* 377 F.3d 874, 878 (8th Cir. 2004).  The record does not indicate that this departure would have been available in Ms. Wells's case or that her history warranted psychological testing in preparation for a departure motion based on diminished capacity or her general psychological condition.  Therefore, this claim is denied.

**CONCLUSION**

Because the Defendant's § 2255 claims are without merit, her § 2255 motion is denied.

IT IS ORDERED:

1.      The Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (Filing No. 59) is denied;

2.      A separate Judgment will be entered; and

3.      The Clerk of Court is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 17th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

6